IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND BERGERON-DAVILA,

    Plaintiff,

v.                  OPINION & ORDER

STEVEN PARENTEAU, DUSTIN MEEKER, and   17-cv-729-jdp
CORRECTIONS OFFICERS DOES 1-3,

    Defendants.

---

  Pro se plaintiff Raymond Bergeron-Davila is suing several correctional officers for using excessive force against him and failing to provide adequate medical care after Bergeron-Davila harmed himself. Two motions are before the court, both of which are related to the death of defendant Dustin Meeker: (1) Bergeron-Davila's motion for default judgment against Meeker, Dkt. 18 and Dkt. 19; and (2) defendants' motion to strike the deadline for serving the complaint on Meeker's representative or successor, Dkt. 21. For the reasons explained below, I will deny both motions.

  Some background is necessary to understand the motions. The Wisconsin Department of Justice, which represents defendant Stephen Parenteau, informed the court on June 29, 2018, that Meeker is deceased. Dkt. 12. In accordance with Federal Rule of Civil Procedure 25 and *Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008), the court directed Parenteau to serve the suggestion of death on Meeker's representative or successor. Dkt. 15.

  The parties each responded to the court's order with their own motions. Bergeron-Davila says that he is entitled to a default judgment against Meeker because Meeker failed to file a timely answer. For his part, Parenteau says that serving Meeker's representative

or successor is not necessary because the Wisconsin Department of Justice has agreed to pay any damages that may be awarded in this case.

I will deny Bergeron-Davila's motion for a default judgment. Rule 25 contemplates two possibilities when a party dies during litigation: (1) substitute the party's representative or successor; or (2) dismiss the party. Fed. R. Civ. P. 25(a)(1). I will not grant a default judgment against Meeker because the Wisconsin Department of Justice has offered to defend the case on his behalf.

Bergeron-Davila objects to the proposed stipulation of the Wisconsin Department of Justice, but this appears to be because he misunderstands the scope of stipulation. The proposed stipulation is *not* a settlement, which is why it does not offer Bergeron-Davila any money. Rather, the primary purpose of the proposed stipulation is simply to avoid the need to substitute Meeker's representative or successor. Instead, Bergeron-Davila could proceed with his case and, if he proves his claim against Meeker, the Department of Justice would agree to pay any damages awarded by the jury. In other words, nothing would change except who would be responsible for paying a judgment if Bergeron-Davila succeeds on his claim against Meeker.

If the stipulation were limited to the issues discussed above, I would grant Parenteau's motion and give Bergeron-Davila another opportunity to sign the stipulation. But a review of the proposed stipulation shows that it goes well beyond the issues raised in this case. It would prohibit Bergeron-Davila from "commencing or attempting to commence *any* state or federal court action against the estate of defendant Meeker." Dkt. 21-1, ¶ 2 (emphasis added). It also states that Meeker may not "contact or attempt to contact any family member of defendant Meeker." *Id.*, ¶ 3.

I understand the department's concern about potential harassment against Meeker's family, but the proposed stipulation is so broad that it is likely unenforceable. It is impossible to determine now whether Bergeron-Davila might have a legitimate reason to have some form of contact with some member of Meeker's family at some point in the future.

I will reset Parenteau's deadline for serving the suggestion of death on Meeker's representative or successor. In the meantime, both sides will have an opportunity to reconsider their options. The department may wish to revise the proposed stipulation so that its scope is limited to the claims at issue in this case. If the department follows this approach, then Bergeron-Davila may wish to reconsider his decision not to sign the stipulation. If the stipulation is limited to the claims at issue in this case, then the stipulation would serve the interests of both sides by allowing the case to proceed without the need for substitution.

ORDER

IT IS ORDERED that:

1. Plaintiff Raymond Bergeron-Davila's motion for a default judgment, Dkt. 18 and Dkt. 19, is DENIED.

2. Defendant Steve Parenteau's motion to strike the deadline for serving the suggestion of death, Dkt. 21, is DENIED.

3. Parenteau may have until November 1, 2018, to serve the proper person with the notice of death or submit a new stipulation that moots the need for service.

Entered October 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge