IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND BERGERON-DAVILA,

              Plaintiff,

v.

STEVEN PARENTEAU, DUSTIN MEEKER, and
CORRECTIONS OFFICERS DOES 1-3,

              Defendants.

OPINION and ORDER

17-cv-729-jdp

---

Pro se plaintiff Raymond Bergeron-Davila is suing several correctional officers at Columbia Correctional Institution for using excessive force against him and failing to provide adequate medical care after he harmed himself. He is now housed at Racine County Jail.

Bergeron-Davila says that because he is on suicide watch, the jail has placed restrictions on him that make it difficult to complete legal work. *See* Dkt. 38-1. He says that he gets to do legal work for only one hour every three days, and that he is forced to wear restraints. The jail will not allow Bergeron-Davila to have a pen or pencil, so an officer writes for him. Bergeron-Davila moves for an injunction ordering the jail to give him access to his legal work for five hours every day. Dkt. 38.

I will deny the motion. Although Bergeron-Davila has a constitutional right to access the courts, *Christopher v. Harbury*, 536 U.S. 403 (2002), this does not mean that the Constitution gives him as much time as he wants to prepare legal materials. Rather, he must show that he is being denied an opportunity to present his claims in court. *See Furrow v. Lappin*, 393 F. App'x 398, 399 (7th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 350—353 (1996)). Bergeron-Davila fails to make this showing for two reasons.

First, Bergeron-Davila does not say that the jail is denying him access to his legal materials or prohibiting him from filing documents. He says that the jail's restrictions slow him down, but he also says that the jail is accommodating him by assigning an officer to write his documents. And the jail's use of restraints appears to be a reasonable reaction to Bergeron-Davila's repeated attempts to harm himself. *See e.g.* Dkt. 16. Bergeron-Davila himself has asked the jail to use restraints in the past. *See Bergeron-Davila v. Moran*, Case No. 17-cv-1756-JPS, Dkt. 31 (E.D. Wis. Aug. 31, 2018) (denying Bergeron-Davila's motion for an injunction ordering jail officials to use additional restraints).

Second, Bergeron-Davila has not shown why he needs more time to litigate the issues in this case. He says that he wants to file a motion for spoliation sanctions, and that it will take a lot of work. But he has almost an entire year to complete discovery before the deadline on December 6, 2019. There is no rush for him to complete his spoliation motion. And if Bergeron-Davila later finds that he is unable to meet a deadline in this case, then he can file a motion to extend that deadline.

Bergeron-Davila says that the restrictions have interfered with his ability to meet deadlines in *other* cases that he has in the Eastern District of Wisconsin. But I have no authority over cases pending in other courts. If Bergeron-Davila is having trouble meeting deadlines in those cases, then he will need to file motions in those cases.

ORDER

IT IS ORDERED that plaintiff Raymond Bergeron-Davila's motion for temporary restraining order and preliminary and permanent injunction, Dkt. 38, is DENIED.

Entered January 11, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge